IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| HERSHALL JOSEPH SHELLEY § | |
| § | |
| v. § | A-15-CA-572 LY |
| § | |
| COLORADO BOARD OF GOVERNORS, § | |
| IN ITS CAPACITY AS THE ENTITY § | |
| WITH THE GENERAL CONTROL AND § | |
| SUPERVISION OF COLORADO STATE § | |
| UNIVERSITY, DR. WILLIAM S. DUFF, § | |
| DR. SUSAN P. JAMES, AND DELL, INC. § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are the Amended Motion of Board of Governors and Individual Defendants to Dismiss Plaintiff's First Amended Complaint for Lack of Jurisdiction and Failure to State a Claim, (Dkt. No. 14); Dell Inc.'s Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b), (Dkt. No. 15); and Plaintiffs' Responses and Motions to Dismiss Defendants' Motions to Dismiss (Dkt. Nos. 16 & 19).[1]

---

[1] While Shelley has entitled his Responsive briefs as "Motion[s] to Dismiss," they are in reality Responses to the Defendants' Motions to Dismiss. The only relief requested in the Responses is a request to have the Court strike the Defendants' Motions to Dismiss. The Court will treat the documents as responses, and **RECOMMENDS** that the District Court direct the Clerk to docket the pleadings (Nos. 16 & 19) as responses.

Each of the Defendants had filed earlier motions to dismiss: (1) Corrected Motion of Board of Governors, William S. Duff, and Susan P. James to Dismiss Plaintiff's Complaint for Lack of Jurisdiction and Failure to State a Claim Upon Which Relief May be Granted (Dkt. No. 8); and (2) Dell Inc.'s Motion to Dismiss under Federal Rule of Civil Procedure 12(b) (Dkt. No. 10). Shelley responded with his own "Motion to Dismiss" (Dkt. No. 11). Shelley has since filed an Amended Complaint (Dkt. No. 12), rendering the original motions to dismiss moot. Accordingly, the undersigned **RECOMMENDS** that the District Court **DISMISS** these Motions (Dkt. Nos. 8, 10, 11).

The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

While Plaintiff Hershall Joseph Shelley ("Shelley"), a Texas resident, was employed at Dell Inc. in Austin, Texas, he enrolled in an online and distance graduate Ph.D. program in the Department of Mechanical Engineering at Colorado State University ("CSU"), located in Fort Collins, Colorado. Shelley alleges Dell paid a portion of his tuition. After Shelley failed his dissertation defense, CSU declined to issue him a Ph.D. degree in Mechanical Engineering.

After failing to obtain his Ph.D. degree, Shelley filed his first lawsuit against CSU in the 200th Judicial District Court of Travis County, Texas, alleging state law claims for breach of contract, age and race discrimination, and claims under the Texas Deceptive Trade and Consumer Protection Act ("DTPA"), and the Texas Business Code. *See Shelley v. Colorado State University*, No. D-1-GN-14-001245 (200th Dist. Ct., Travis County, Tex. Apr. 30, 2014) ("*Shelley I*"). On June 3, 2014, CSU removed *Shelley I* to Federal Court on the basis of diversity jurisdiction. *See Shelley v. CSU, et al*, A-14-CV-516- LY. Shortly thereafter, CSU filed a Motion to Dismiss arguing that Shelley's lawsuit should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under Rule 12(b)(6). In the alternative, CSU sought a more definite statement. On September 25, 2014, the undersigned issued a Report and Recommendation recommending that CSU's Motion to Dismiss be denied and that Shelley be permitted to file an amended complaint that "complies with Rule 8." *See* Dkt. No 15. On November 6, 2014, Judge Yeakel adopted in part and rejected in part the Report and

Recommendation. Dkt. No. 24. Judge Yeakel adopted the recommendation to permit Shelley to file an amended complaint, but altered the "denial" of the Motion to Dismiss to a dismissal without prejudice to refiling.

On November 21, 2014, Shelley filed an Amended Complaint and added the Colorado Board of Governors and Dell Inc. as defendants in this case. See Dkt. No. 25. Shelley's Amended Complaint alleged various state law causes of action including breach of contract, age and race discrimination, and claims under the DTPA, the Texas Human Resources Code, the Texas Business Code and the Texas Penal Code. Specifically, Shelley alleged that "Defendants did a bait and switch (retaliation/imitation and used force to attempt to trade PhD for Masters) [sic] and other deceptive consumer protection acts and violations during 2013 and 2014." Dkt. No. 25 at p.1. In addition, Shelley alleged that "CSU used deception to request and obtain a $17,000 simulation manufacturing seminar contract" with Dell. *Id.* at p. 9. Shelley also alleged that CSU and specifically William S. Duff, an engineering professor at CSU, used his Dell Notebook Computer and refused to give it back to him. Shelley also alleged vague claims of race and age discrimination. CSU, the Board of Governors and Dell all moved to Dismiss Shelley's Amended Complaint. On March 6, 2015, the undersigned issued its Report & Recommendation recommending that the District Court grant the Motions to Dismiss and enter judgment against Shelley. *See* Dkt. No. 44. Specifically, the undersigned recommended that: (1) CSU be dismissed from the lawsuit for lack of personal jurisdiction, (2) the Board of Governors be dismissed for lack of subject matter jurisdiction based on sovereign immunity, and (3) Dell's Motion to Deny Joinder be granted. On April 3, 2015, the District Court adopted the Report & Recommendation in full and dismissed all of Shelley's claims and entered Final Judgment against Shelley. *See* Final Judgment (Dkt. No. 50). Shelley did not appeal the Final Judgment.

On April 6, 2015, without seeking leave of court, Shelley filed an "Amended Complaint," which among other things, attempted to add four additional defendants. On April 9, 2015, the District Court struck the Amended Complaint from the record. Dkt. No. 55.

After Shelley's First Lawsuit was removed to federal court, Shelley filed another lawsuit in state court against the Colorado Board of Governors and Dell Inc., alleging identical causes of action as the instant case. *See Shelley v. Colorado Board of Governors and Dell Inc.*, No. D-1-GN-14-003625 (345th Dist. Ct., Travis County, Tex. Sept. 12, 2014). On December 18, 2014, the state district court granted Dell's Rule 91a Motion to Dismiss. Dkt. No. 34-1 at Exh. 3. On January 8, 2015, the state court dismissed all of Shelley's claims against the Board of Governors except "claims of discrimination based on age and race." Dkt. No. 39 at Exh. A-3. Then, on September 8, 2015, the state court dismissed Shelley's suit in its entirety for lack of personal jurisdiction. *See* Order Sustaining Amended Special Appearance of Defendant Board of Governors fo the Colorado State University System.

On July 2, 2015, Shelley filed this lawsuit ("*Shelley II*"), once again against the Board of Governors and Dell. In addition, Shelley added Dr. William S. Duff and Dr. Susan P. James, CSU professors, as defendants in the case, and as has been his pattern, he amended his complaint not long after filing the case. Although Shelley has cited several federal statutes in his Amended Complaint, the case is based on the exact same facts as alleged in *Shelley I*. Shelley again complains that CSU failed to issue him a Ph.D. degree as was promised. He again complains that Dr. Duff used his notebook computer and refused to return it to him. And he again complains that CSU used deception to obtain a $17,000 simulation manufacturing seminar contract with Dell, and also raises vague claims of race and age discrimination.

Dell moves to dismiss this lawsuit based on res judicata and, alternatively for failure to state a claim. The Board of Governors and the Individual Defendants move to dismiss this lawsuit for lack of jurisdiction and failure to state a claim. Although not clearly stated in their Motion, these Defendants also argue that Shelley is simply reasserting the same claims alleged in his first federal suit. The Court finds that this lawsuit must be dismissed because it is barred by the doctrine of res judicata.[2]

## II. ANALYSIS

**A.    Res Judicata**

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).[3] Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748–749. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by

---

[2]Because the Court finds this case should be dismissed based on res judicata, the Court need not address Defendants' alternative arguments.

[3]As the Supreme Court has explained, "[t]hese terms have replaced a more confusing lexicon. Claim preclusion describes the rules formerly known as 'merger' and 'bar,' while issue preclusion encompasses the doctrines once known as 'collateral estoppel' and 'direct estoppel.'" *Id.* (quoting *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 77, n. 1(1984)).

minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–154 (1979).

"The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 547 U.S. 1055 (2006). The party asserting that res judicata applies has the burden of proving that preclusion is appropriate. *See Memphis–Shelby Cnty. Airport Auth. v. Braniff Airways, Inc.* (*In re Braniff Airways, Inc.*), 783 F.2d 1283, 1289 (5th Cir. 1986).

All four elements of res judicata are met in this case. First, the parties are identical or in privity with the parties in *Shelley I*. Shelley has once again named Dell and the Board of Governors as defendants in this case. While Shelley has added two new defendants in this case—CSU Professors Dr. William S. Duff and Dr. Susan P. James, these defendants are in privity with the Board of Governors. Defendants who are members of the same governmental agency or department are generally treated as being in privity for purposes of res judicata. *See Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (res judicata dismissal of second suit that added IRS commissioner as defendant affirmed because there was "privity between officers of the same government" so that judgment in favor of IRS agents in first suit barred re-litigation).

The second and third res judicata elements are also met. The judgment in the prior federal lawsuit was clearly made by a court of competent jurisdiction. Judge Yeakel entered a binding Final Judgment against Shelley; Shelley did not appeal that judgment, and it is thus final. "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a

second complaint cannot command a second consideration of the same jurisdictional claims." *Id.* "It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Michael v. United States*, -- F. App'x --, 2015 WL 5458834 at * 1 (5th Cir. 2015) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982)).  Thus, while the District Court's Final Judgment with regard to the Board of Governors was jurisdictional, it became final when Shelley chose not to file an appeal.  *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) ("If the party against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack."); *Locke v. City of Corpus Christi*, 2006 WL 2670982 at * 4 (S.D. Tex. Sept. 18, 2006) (holding that previous dismissals based on lack of subject matter jurisdiction have res judicata effect on subsequent lawsuit).

Further, the Final Judgment was on the merits with regard to Dell.  The District Court's denial of the motion to join Dell as a party in the case was based on the finding that Shelley failed to allege a cognizable claim against Dell. Dkt. No. 44 at p. 13.  Thus, in *Shelley I*, the Court reached the merits of Shelley's claims against Dell.

Lastly, Shelley has asserted the same claims here as he asserted in *Shelley I*.  The Fifth Circuit applies "a 'transactional test' to determine whether two suits involve the same claim, where the 'critical issue' is 'whether the plaintiff bases the two actions on the same nucleus of operative facts.'" *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 (5th Cir. 2000) (quoting *Agrilectric Power Partners, Ltd. v. General Electric Co.*, 20 F.3d 663, 665 (5th Cir. 1994)).  While Shelley has added additional claims in *Shelley II*, both federal lawsuits clearly arise out of the same nucleus of operative facts: Shelley's failure to receive a Ph.D. from CSU and his allegations that he was treated unfairly by CSU.  Accordingly, the fourth and final res judicata requirement is met.

Therefore, the Court finds that the doctrine of res judicata bars the instant lawsuit.[4] Accordingly, the Court recommends that the District Court dismiss this case in its because entirety.

### III.  RECOMMENDATION

The Court **RECOMMENDS** that the District Judge **GRANT** the Amended Motion of Board of Governors and Individual Defendants to Dismiss (Dkt. No. 14) and Dell Inc.'s Amended Motion to Dismiss under Federal Rule of Civil Procedure 12(b) (Dkt. No. 15) and **DISMISS** this case in its entirety.  The Court **FURTHER RECOMMENDS** that the District Judge enter **Final Judgment** in this case against Plaintiff Hershall Joseph Shelley.  The undersigned also **RECOMMENDS** that the District Judge **DISMISS** the earlier motions to dismiss ((Dkt. Nos. 8, 10 & 11), because they are moot.  Finally, the undersigned **RECOMMENDS** that the District Judge **WARN** Hershel Joseph Shelley that continuing to file duplicative lawsuits in this Court will result in the imposition of serious sanctions, which may include dismissal, monetary sanctions and restrictions on his ability to file pleadings in this Court.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

---

[4] This lawsuit is also barred by res judicata based on the state court judgments entered against Shelley.  *See Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1252-55 (5th Cir. 1991) (holding that state court judgment in favor of city had res judicata effect on federal action).

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2 day of October, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE